## William E. Kendall et al. v. Hoes & Brother.

1. PRACTICE—*Objections Raised for the First Time in a Court of Review.*—Objections to evidence introduced in the trial court come too late when made for the first time in this court.

Assumpsit.—Appeal from the Circuit Court of Montgomery County; the Hon. TRUMAN E. AMES, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

ZINK, JETT & KINDER, attorneys for appellants.

LANE & COOPER, attorneys for appellees.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellees sued appellants, husband and wife, before a justice of the peace, for expenses of the family. The case having been taken by appeal to the Circuit Court, was there tried by a jury. Previous to the trial a tender of $22.47 had been made by appellants to the appellees, which was refused, and the tender thereafter kept good. The jury returned a verdict for $21, and also the tender; the court ordered the verdict in form, overruled appellants' motion for a new trial, and gave judgment against appellants for $43.47, to reverse which this appeal is prosecuted.

To effect a reversal of the judgment it is argued that the court admitted improper evidence; gave wrong instructions; the verdict is not supported by the evidence; and the court erred in giving judgment for more than $21.

Appellees' claim was for a balance due upon a general store account of $64.46, and contained various items that were clearly family expenses, others, consisting of hardware and implements, that were doubtful, unless supported by evidence that they in fact constituted family supplies, and cash lent to the husband, that was clearly not a family expense for which the wife was liable. The abstract, so far as we are able to discover, does not show that any objection was made to the evidence tending to prove the various items of appellees' account, or that they were not family expenses; nor the ruling of the court upon them concerning whether they constituted family expenses. The issue tried by the jury appears to have been the amount actually due upon the account, and around this the disputants contended. No question appears to have been made whether the items of the account were family expenses until the instructions asked by appellants were reached, and in them the jury were correctly informed that money lent to the husband was not a family expense chargeable to the wife. It is

complained that the first and second instructions given for the plaintiffs ignored the question of whether the items of the account constituted family expenses, for which both husband and wife were liable.    The instructions do so ignore that question, and in this respect they are inaccurate; and had there been a question made upon the admission of the evidence, or to exclude it for the reason urged against the instructions, or if there was anything appearing in the abstract by which we could ascertain that this question was made and presented to the jury, as an issue of fact for it to pass upon, we could then determine whether the instructions contained prejudicial error.  The account was admitted in evidence, and testimony introduced concerning it, without objection, that the items were not family expenses, properly chargeable against both the husband and wife. Whether they were such expenses was a question of fact to be determined by the jury from such proper evidence as might be admitted by the court upon that point, if such a question had been made.  Had such question been raised by a proper objection, the trial court would have been called upon to decide whether sufficient evidence existed to submit the question to the jury, and also, if such evidence was insufficient, appellees might have offered other sufficient evidence. The sufficiency of the evidence to prove the account was for family expenses was not raised in the trial court.   We think this question is made in this court for the first time, and by the settled practice, it is not to be considered.   The item of money lent to the husband we think was not included in the verdict, and in this respect there was no error, and as regards the other items of the account many of them were such that all would consider of the nature of family expenses without supplementary proof; and still others were such that the nature of them, with proper showing it, could easily have attached to them the quality of family expenses.

We are of the opinion that the amount of the judgment is supported by the evidence and that the jury were warranted in finding that the amount was for family expenses;

and in view of all the evidence there was no prejudicial error in the instructions, for which the judgment ought to be reversed. The chief question of fact for the determination of the jury was whether the account had been paid.

The tender admitted that $22.47 was due and that it was for family expenses; and the jury was justified in finding that $21 more was also due, and of the same nature. It is insisted that an additional credit of a $30 check was due, but appellees denied receiving the check, the jury has found with them upon that point, and we are unwilling to disturb the finding. There is no merit in the point that the court rendered judgment for too much. The verdict was informal, it is true, but the order of the court directing it in form for $43.47, the amount intended by it, and giving judgment for that amount, did appellants no harm, but accomplished what the jury intended by their verdict.

Finding no reversible error in the record, the judgment of the Circuit Court will be affirmed.